# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HAIGHT, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOSEPH R. HAVERTY**
**United States Army, Appellant**

ARMY 20130559

Headquarters, 82d Airborne Division
Kirsten V.C. Brunson, David H. Robertson, and James W. Herring, Military Judges
Colonel John N. Ohlweiler, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Captain John Gardella, JA (on brief).

29 January 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military panel with enlisted representation, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of violating a lawful general regulation, one specification of cruelty and maltreatment, one specification of aggravated sexual contact, one specification of abusive sexual contact, one specification of indecent viewing, one specification of larceny, and one specification of assault consummated by a battery in violation of Articles 92, 93, 120, 120c, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, 920, 920c, 928 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for 120 days, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

This case is before us pursuant to Article 66, UCMJ. Appellant raises four assignments of error, two of which merit discussion and relief. The matters

personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

Appellant offered to help a new soldier, Specialist (SPC) BB, with assembling her field gear and putting together her barracks room. Appellant began drinking while in BB's barracks room and pressured her to follow suit in the drinking. As appellant began to leave the room, he turned and asked BB how she would conduct a "patient assessment" as they were both medics. BB first said no, but then appellant told her to lay on the floor. After appellant began to kneel over her, he directed her to go lay on her bed. As he began this "patient assessment," appellant asked BB various questions as though she were a patient. BB's response was, "Stop. Please just stop," and "I can't remember right now." BB then curled up in the fetal position on her bed away from appellant.

Appellant then overpowered BB and grabbed her ankles to straighten her legs. Appellant took his hands and touched BB's clavicle and sternum, then lifted BB's shirt up to her armpits, exposing her bra and torso. Appellant then traced his hands on BB's torso outlining four quadrants and asked her if she knew what internal organs were in each quadrant. Appellant then began to move his hands downward on BB's body toward her hip while asking her about the femoral pulse. Appellant began to then touch BB's legs, with one hand on her inner thigh and another on her knee. Appellant touched BB's crotch and vaginal area after touching her inner thigh.

Appellant then rolled BB onto her side and asked her how to check for rectal bleeding. After appellant rolled BB again onto her back, she pulled her shirt down and stood up. She reported the incident two days later. Among the charges for misconduct, the government charged appellant with aggravated sexual contact based on the touching of BB's inner thigh and vaginal area by using unlawful force and abusive sexual contact based on the same touching of BB's inner thigh and vaginal area by using fraudulent representation.

## LAW AND DISCUSSION

### A. Unreasonable Multiplication of Charges

What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F.

2001)).  In *United States v. Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?*
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338-39.

After balancing the *Quiroz* factors in this case, we conclude that appellant's convictions for both abusive sexual contact and aggravated sexual contact constitute an unreasonable multiplication of charges as applied to findings.  First, appellant objected to the Specification of Charge II and the Specification of Additional Charge II as an unreasonable multiplication of charges; this weighs in favor of appellant.  As to the second factor, each charge and specification is aimed at the same criminal act—touching BB's inner thighs and genitalia.  The two separate charges reflect different *means* by which appellant accomplished the same criminal act.   Third, standing convicted of two separate sex offenses for one criminal act exaggerates appellant's criminality.  An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in

---

* This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved."  *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)).  This "awesome, plenary, *de novo* power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal.  *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)).  *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the CCA in the exercise of its Article 66(c), UCMJ, . . . powers.").

and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Fourth, a conviction for both of these charges and specifications did not increase appellant's punitive exposure because the military judge merged the offenses for sentencing purposes. Finally, we find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial could support a finding of guilty to either specification.

The statutory scheme created by Congress for Article 120, UCMJ, makes our remedy in this case different than normally required. Merging of separate specifications into one specification is usually an available remedy. *See supra Campbell*. Because Congress grouped by statute various unlawful means of committing sexual contact, appellant's conduct violated two separate provisions of Article 120, UCMJ. 10 U.S.C. § 920 (2012). In the Specification of Additional Charge II, appellant violated Article 120(d), abusive sexual contact, by making a fraudulent representation that the sexual act served a professional purpose. In the Specification of Charge II, appellant violated Article 120(c), aggravated sexual contact by using force. Accordingly, we dismiss the abusive sexual contact specification in our decretal paragraph.

**B. Dilatory Post-Trial Processing**

The convening authority took action 473 days after the sentence was adjudged, and all but thirty days are attributable to the government. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 399 days to transcribe the record of trial and to serve the record on the appellant after his defense counsel had made two requests for speedy post-trial processing. The government offered that personnel shortages were the reason for the delay. However, our superior court held that "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of the military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## **CONCLUSION**

The findings of guilty of the Specification of Additional Charge II and Additional Charge II are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for ninety days, forfeiture of all pay and allowances, and reduction to the grade of E-1.

There is no change in the penalty landscape or exposure as the military judge merged the two charges in question for sentencing purposes. *See Winckelmann*, 73 M.J. at 15-16. The gravamen of the offenses has not changed. *Id.* at 16. Finally, this court reviews the records of a substantial number of courts-martial involving sexual contact, and we have extensive experience with the level of sentences imposed for such offenses under various circumstances. *Id.* All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. See UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court