UNITED STATES, Appellee,

v.

Larry D. SAVAGE, Specialist,
U.S. Army, Appellant.

No. 98–0273.
Crim.App. No. 9500762.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 3, 1998.

Decided May 3, 1999.

Crawford, J., filed opinion concurring in result.

SULLIVAN, J., delivered the opinion of the Court, in which COX, C.J., and GIERKE and EFFRON, JJ., joined. CRAWFORD, J., filed an opinion concurring in the result.

For Appellant: *Captain Paul J. Perrone, Jr.* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Adele H. Odegard,* and *Captain Jodi E. Terwilliger–Stacey* (on brief); *Lieutenant Colonel Michael L. Walters* and *Major Holly S.G. Coffey.*

For Appellee: *Captain Daniel G. Brookhart* (argued); *Colonel Russell S. Estey* and *Major Patricia A. Ham* (on brief); *Lieutenant Colonel Eugene R. Milhizer* and *Captain Chris A. Wendelbo.*

Judge SULLIVAN delivered the opinion of the Court.

In the Spring of 1995, appellant was tried by a general court-martial composed of members at Schweinfurt, Germany. Contrary to his pleas, he was found guilty of conspiracy to distribute marijuana, possession of marijuana with intent to distribute (2 specifications), distribution of marijuana, and several regulatory-related offenses, in violation of Articles 81, 112a, 92, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 912a, 892, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduc-

tion to the lowest enlisted pay grade. The convening authority approved this sentence on July 10, 1995, and the Court of Criminal Appeals affirmed on June 23, 1997.

■ We granted review to decide whether a servicemember may be found guilty of possession of marijuana with intent to distribute and distribution of this same marijuana on the same day. *See* 50 MJ 195 (1998). A similar question was addressed by the Supreme Court in *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), where it held that convictions for receiving a firearm under 18 USC § 922(h)(1) and possessing that same firearm under 18 USCApp § 1202(a)(1) could not both be lawfully sustained. In *Ball*, after examining the statutes involved, the Supreme Court concluded that a firearm is necessarily possessed when it is received and that Congress expressed no intent to punish a felon twice for this same criminal act.

We have likewise concluded that distribution of a controlled substance necessarily includes possession with intent to distribute, and that Congress did not intend to punish a servicemember twice for essentially the same act. *See United States v. Brown*, 19 MJ 63, 64 (CMA 1984) (elements of possession with intent to distribute included within elements of distribution as provided in paragraph 213(g), Manual for Courts–Martial, United States, 1969 (Revised Edition)); *see also United States v. Zubko*, 18 MJ 378, 384–86 (CMA 1984) (elements of possession of controlled substance included within elements of distribution as provided in paragraph 213(g), Manual, *supra* ); *see generally United States v. Britton*, 47 MJ 195, 197 (1997).

The Government concedes that possession with intent to distribute marijuana was a lesser-included offense of distribution of that marijuana under the circumstances of this case. Government counsel notes, however, that appellant did not make a multiplicity for findings motion at trial with respect to these specifications, and that the above findings error was not plain. In these circumstances, the Government argues that appellant's multiplicity claim should be considered waived.

*See Britton, supra* at 198. Furthermore, the Government asserts that appellant was not prejudiced by this error because the military judge did not treat these findings separately for purposes of punishment. We disagree.

■ *Ball, supra* at 865, 105 S.Ct. 1668, directly contradicts the Government's no-prejudice argument. It holds that an unauthorized conviction has "potential adverse collateral consequences that may not be ignored," and constitutes unauthorized punishment in and of itself. Moreover, the Government's plain error argument is directly contradicted by this Court's holding in *United States v. Harwood*, 46 MJ 26 (1997). *Harwood* cites with approval this Court's holding in *United States v. Holt*, 16 MJ 393, 393–94 (CMA 1983), that a lesser-included offense is legally the same offense for purposes of the Double Jeopardy Clause. *Harwood, supra* at 29. Finally, the factual identity of each of these offenses is readily apparent on the face of this record. *See United States v. Lloyd*, 46 MJ 19, 24 (1997). Our decision in *Britton, supra* at 198–99, clearly supports our conclusions on these points. Nevertheless, we do agree with the Government that no sentence relief is required because the military judge considered these offenses as one for purposes of sentencing.

The decision of the United States Army Court of Criminal Appeals as to specification 2 of Charge II (possession with intent to distribute) is reversed. The findings of guilty thereon are set aside and specification 2 of Charge II is dismissed. In all other respects, the decision below is affirmed.

CRAWFORD, Judge (concurring in the result):

Appellant was represented by a senior defense counsel and an experienced civilian lawyer. The defense counsel made numerous motions but did not make a multiplicity motion until after the Government rested its case. The failure to make a motion to combine specifications based on multiplicity before the Government's case concluded, or to ask for a bill of particulars in order to avoid the implications of having such a motion

granted, were valid tactical decisions by the defense.

Had the defense made an earlier multiplicity motion or requested a bill of particulars, the Government might have withdrawn the charges, which included only one specification of distribution of marijuana, and instead charged appellant separately for each of the four different transfers he was responsible for as a co-conspirator.

In essence, the majority has allowed appellant to have it both ways. Because these motions were not made before findings, for apparently valid tactical reasons, the majority should not allow appellant a windfall rather than apply waiver. *Cf. United States v. Denton,* 50 MJ 189 (1998) ("[W]e find that the granted issue [on multiplicity] was neither raised nor litigated at trial and is therefore deemed waived. *See* paragraph 5(c)(8), Part IV, and RCM 1003(c)(1)(C), Manual for Courts–Martial, United States (1995 ed.)"). Waiver should be applied where the record suggests a tactical reason for not making the motion. *Cf. United States v. Harwood,* 46 MJ 26 (1997); *United States v. Lloyd,* 46 MJ 19 (1997).

While I appreciate the Government's concession, we are not bound by it, *see, e.g., United States v. Emmons,* 31 MJ 108, 110–11 (CMA 1990); *United States v. Hand,* 11 MJ 321 (CMA 1981); *United States v. Wille,* 9 USCMA 623, 26 CMR 403 (1958), especially since our cases have not been the model of clarity as to multiplicity. *See, e.g., United States v. Britton,* 47 MJ 195, 199–201 (1997)

(Effron, J., concurring). In *United States v. Teters,* 37 MJ 370 (CMA 1993), we sought uniformity and clarity, but even today the majority cites pre-*Teters* cases.

Appellant was convicted of conspiring with Specialist Anthony Collins to wrongfully distribute marijuana. Both paragraph 5c(5), *supra,* and the Supreme Court in *Pinkerton v. United States,* 328 U.S. 640, 647, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), recognize the proposition that a conspirator is responsible for the overt acts of each co-conspirator that are in furtherance of the conspiracy.

Under this proposition, appellant committed at least four additional crimes for which he could have been charged: (1) In September 1994, appellant gave Specialist Anthony Collins 11 baggies of marijuana and told him he could sell them for approximately $375.00 and keep the money he collected; (2) After the exchange, Collins sold five or six of the baggies to an undercover agent, Specialist Charles C. Daniels; (3) Collins sold other baggies to Ms. Carol, a civilian working in the dining facility; (4) Later, Collins sold drugs from the stash given to him by appellant to another person, Tilo. Prior to receiving drugs from appellant, Collins had never sold drugs.

Thus, it is clear that there was a tactical advantage to be gained by failing to raise the multiplicity issue earlier. We should respect counsels' decision.

In any event, I agree with the result reached by the majority.