# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, MORAN, and CAMPANELLA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JAMES A. ERICKSON**
**United States Army, Appellant**

ARMY 20130231

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Jaclyn E. Shea, JA (on brief).

11 July 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

Upon review of the entire record pursuant to Article 66(c), UCMJ, we note that appellant was, among other offenses, charged with and pleaded guilty to one specification of wrongfully distributing marijuana (Specification 1 of Charge II) and one specification of wrongful possession of marijuana with intent to distribute (Specification 2 of Charge II). The distribution and possession with intent to distribute were both alleged to have occurred on or about the same day at the same location. Appellant admitted during his providence inquiry that the only marijuana he possessed was the same marijuana he distributed. He specifically disclaimed possessing other amounts of marijuana found where the distribution occurred. Given the pleadings and the record, we conclude that appellant's possession of marijuana with intent to distribute is multiplicious with the distribution of that same marijuana. *See United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999); *see also United States v. Zubko*, 18 M.J. 378, 386 (C.M.A. 1984) ("The elements of this possession offense were necessarily included within the elements of proof for this distribution

offense."); *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002) ("Offenses are multiplicious if one is a lesser-included offense of the other."). Although we set aside this conviction for wrongfully possessing marijuana with intent to distribute, our holding does not affect the sentence. The penalty landscape has not changed because the military judge treated these specifications as an unreasonable multiplication of charges for sentencing. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Furthermore, the admissible aggravation evidence remains the same as well.

Accordingly, the finding of guilty of Specification 2 of Charge II is set aside, and that specification is dismissed. The remaining findings of guilty are AFFIRMED. Considering the modified findings, we find the sentence as approved by the convening authority is appropriate and is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court