# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ASHLEY N. THOMAS**
**United States Army, Appellant**

ARMY 20120857

Headquarters, III Corps and Fort Hood
Gregory Gross, Military Judge (arraignment)
James L. Varley, Military Judge (trial)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Richard W. Rousseau, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Yolanda D. McCray Jones, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Major A.G. Courie III, JA; Major Matthew T. Grady, JA (on brief).

25 November 2015

```
-----------------------------------
SUMMARY DISPOSITION
-----------------------------------
```

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of aggravated assault with intent to inflict grievous bodily harm in violation of Article 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 928 (2006). The military judge convicted appellant, contrary to her pleas, of attempted unpremeditated murder, assault consummated by a battery, and aggravated assault with a dangerous weapon in violation of Articles 80 and 128, UCMJ, 10 U.S.C. §§ 880, 928 (2006). The military judge sentenced appellant to a dishonorable discharge, thirteen years confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for twelve years and eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority also credited appellant with 306 days against the sentence to confinement.

Appellant's case is before the court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion and relief. The remaining assignment of error is thus rendered moot. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

### Multiplicity and Unreasonable Multiplication of Charges: Attempted Murder and Aggravated Assault

Appellant pleaded guilty to aggravated assault with intent to inflict grievous bodily harm upon Specialist (SPC) PC on or about 1 April 2012 (Specification 1 of Charge II). The military judge also convicted appellant, contrary to her pleas, of attempted unpremeditated murder of SPC PC on or about 1 April 2012 (Specification 1 of Charge I).[*] Appellant now argues the military judge should have dismissed the aggravated assault with intent to inflict grievous bodily harm offense after application of the doctrines of multiplicity or unreasonable multiplication of charges.

At trial, the government's attempted solution in its response to the defense motion for appropriate relief was to "merge for sentencing" the attempted premeditated murder with the aggravated assault with intent to inflict grievous bodily harm, should appellant be convicted of both. "As a matter of logic and law, if an offense is multiplicious for sentencing it must necessarily be multiplicious for findings as well." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012).

Without addressing whether appellant should have moved to dismiss for multiplicity after findings, we analyze the issue of multiplicity for plain error. *United States v. Barner*, 56 M.J. 131, 137 (C.A.A.F 2002). An appellant may demonstrate plain error by proving the offenses are "facially duplicative." *United States v. St. John*, 72 M.J. 685, 687 n.1 (Army. Ct. Crim. App. 2013).

"Facially duplicative" means the factual components of the charged offenses are the same. *Id.* at 687 (citing *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997)). "Two offenses are not facially duplicative if each 'requires proof of a fact which the other does not.'" *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004)(quoting *United States v. Hudson*, 59 M.J. 357, 359 (C.A.A.F. 2004)). This analysis does not solely involve a "'literal application of the elements test,'" but rather requires a "realistic comparison of the two offenses to determine whether one is rationally derivative of the other." *Pauling*, 60 M.J. at 94 (quoting *Hudson*, 59 M.J. at 359). It "turns on both the factual conduct alleged in each specification and

---

[*] The government charged appellant with attempted premeditated murder of SPC PC in Specification 1 of Charge I, to which the military judge found her not guilty but guilty of the lesser-included offense of attempted unpremeditated murder.

the providence inquiry conducted by the military judge at trial." *Pauling*, 60 M.J. at 94 (quoting *Hudson*, 59 M.J. at 359) (internal quotation marks omitted). Consequently, where after examination of these factors, an offense is a lesser-included offense of another, the offenses are facially duplicative. *See St. John*, 72 M.J. at 688-89; *see also United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). "Whether an offense is a lesser-included offense is a matter of law we review *de novo*." *St. John*, 72 M.J. at 687 (quoting *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011)).

We find these offenses as charged in this case are facially duplicative because the conduct alleged in the attempted unpremeditated murder finding is factually the same as that alleged in the aggravated assault with intent to inflict grievous bodily harm specification. The providence inquiry established that appellant stabbed SPC PC in the torso with a knife on 1 April 2012. The contested portion of the court-martial established appellant's specific intent to kill SPC PC by stabbing her with a knife in the torso on 1 April 2012. Under the facts of this case, the aggravated assault with intent to inflict grievous bodily harm was a lesser-included offense of the attempted murder.

Trial defense counsel filed motions alleging multiplicity and an unreasonable multiplication of charges, but no motions regarding the specifications in question here presumably because she believed she should not be convicted of a lesser-included offense to a specification to which she pled not guilty. The military judge, with the government's concession, treated the two specifications as "merged for sentencing." However, an "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). We will set aside and dismiss the aggravated assault with intent to inflict grievous bodily harm conviction in our decretal paragraph.

## CONCLUSION

The finding of guilty of Specification 1 of Charge II is set aside. Specification 1 of Charge II is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the error noted. The approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

THOMAS—ARMY 20120857



FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court