# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WAYNE T. HALL**
**United States Army, Appellant**

ARMY 20130431

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Amy E. Nieman, JA: Captain Robert H. Meek III, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel John C. Lynch, JA; Major Daniel D. Derner, JA (on brief).

15 April 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

MULLIGAN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault, in violation of Article 120 Uniform Code of Military Justice, 10 U.S.C. §§ 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for eight months. The convening authority approved the findings and sentence.[1]

---

[1] In his matters submitted pursuant to Rule for Court-Martial 1105 [hereinafter R.C.M.], appellant requested clemency in the form of a waiver of automatic forfeitures imposed under Article 58b, UCMJ, based in part upon post-trial processing delays of his case. The convening authority, in accordance with the staff judge advocate's recommendation, waived these forfeitures for a period of six months, effective 23 May 2013.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, only one which requires discussion and relief.[2] Appellant alleges the military judge committed error by failing to dismiss Specification 1 of Charge I (sexual assault involving a sexual act causing bodily harm) as an unreasonable multiplication of charges with specification 2 of Charge I (sexual assault involving a sexual act upon a person incapable of consent due to intoxication). While we disagree with appellant as to the failure to dismiss, we find that the two specifications should be merged and grant appropriate relief in our decretal paragraph.

## BACKGROUND

On the first evening of a four-day weekend, several soldiers living in the barracks at Hunter Army Airfield, Georgia, to include PFC KJ, accepted an invitation from appellant and his wife to party at their on-post home. PFC KJ, although only 20 years old, had already consumed alcoholic drinks and was feeling "buzzed".

Once at appellant's house, PFC KJ, with appellant's encouragement, drank to excess and appeared highly intoxicated (she vomited in the bathroom loudly enough for others to hear). Eventually, appellant and his wife guided PFC KJ into the master bedroom of their home and appellant removed KJ's shorts or pants.[3] His wife was on top of, and "making out," with PFC KJ while appellant was at the foot of the bed. At some point, appellant inserted his finger into PFC KJ's vagina without her permission. By appellant's own admission, he was "not sure [PFC KJ] realized that [he] was the one" who had placed his finger in her vagina. Soon thereafter, PFC KJ became upset and attacked appellant's wife. Other attendees at the party heard PFC KJ scream and witnessed her, in appellant's bedroom, naked from the waist down and apparently topless.

The military judge found appellant guilty of Charge I, in violation of Article 120, UCMJ, and the following specifications:

---

[2] The three assignments of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit. We note the convening authority's action resolved appellant's prayer for relief based on dilatory post-trial processing by granting appellant's request to waive automatic forfeitures.

[3] Due to her state of intoxication, PFC KJ remembers little of what transpired in the bedroom. Most of the evidence supporting the government's case came from Special Agent JZ of the Army Criminal Investigation Command (CID), who related appellant's admissions during an interview and laid the foundation for appellant's written statement to CID.

> Specification 1: In that [appellant], U.S. Army, did, at or near Hunter Army Airfield, Georgia, on or about 9 August 2012, commit sexual acts upon Private [KJ], to wit: penetrating her vulva with his fingers, by causing bodily harm to her.
>
> Specification 2: In that [appellant], U.S. Army, did, at or near Hunter Army Airfield, Georgia, on or about 9 August 2012, commit sexual acts upon Private [KJ], to wit: penetrating her vulva with his fingers, when Private [KJ] was incapable of consenting to the sexual acts due to impairment by intoxicant, and that condition was known or reasonably should have been known by [appellant].

Both specifications were based upon the same sexual act by appellant.

After announcing findings, the military judge sua sponte announced he found these two offenses were not "multiplicious [] under [a] *Teters* and *Blockburger*[4] analysis" and did not "represent an unreasonable multiplication of charges under *Quiroz*".[5] Neither party objected to the court's ruling. However, he found "the two offenses to be multiplicious for sentencing" and announced he would treat them as one offense for that purpose.

## LAW AND DISCUSSION

What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *Quiroz*, 55 M.J. at 337).

Applying the factors set forth by our superior court in *Quiroz*, we conclude that appellant's convictions for both specifications of Charge I, sexual assault by bodily harm and sexual assault on a victim incapable of consent due to impairment represent an unreasonable multiplication of charges as applied to findings. First, although the appellant failed to object to the specifications of Charge I as an unreasonable multiplication of charges for purposes of findings, we need not apply

---

[4] *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993); *Blockburger v. United States*, 284 U.S. 299 (1932).

[5] *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001).

waiver.[6] As to the second factor, each specification under the charge is aimed at the same criminal act—penetrating Private KIJ's vulva with his fingers. The two separate specifications reflect different *means* by which appellant accomplished the same criminal act. Third, standing convicted of two separate sex offenses for one criminal act exaggerates appellant's criminality. An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Fourth, a conviction for both of these specifications did not increase appellant's punitive exposure because the military judge merged the offenses for sentencing purposes. Finally, we find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial could support a finding of guilty to either specification.

## CONCLUSION

The findings of guilty as to Specifications 1 and 2 of Charge I are merged and consolidated into a single specification of Charge I, and read as follows:

Specification:

In that Specialist Wayne T. Hall, U.S. Army, did, at or near Hunter Army Airfield, Georgia, on or about 9 August 2012, commit sexual acts upon Private KJ, to wit: penetrating her vulva with his fingers, by causing bodily harm to her, when Private KJ was incapable of consenting to the sexual acts due to impairment by intoxicant, and that condition was known or reasonably should have been known by Specialist Wayne T. Hall.

The finding of guilty of the Specification of Charge I, as so consolidated, is AFFIRMED. The finding of guilty of Specification 2 of Charge I is set aside and that specification is dismissed.

---

[6] This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)). This "awesome, plenary, *de novo* power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal. *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the CCA in the exercise of its Article 66(c), UCMJ, . . . powers.").

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the potential maximum sentence remains the same since the military judge treated both specifications as one for sentencing. Second, we note appellant elected to be tried by a military judge sitting alone, so we are confident the sentence would not have changed had the specifications of Charge I been merged at trial. Third, we find the merged offense captures the gravamen of appellant's criminal conduct which, ultimately, stemmed from a single sexual act. Finally, based on our experience as judges on this Court, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial.

Having conducted this reassessment, we AFFIRM the sentence as approved. All rights, privileges, and property, of which appellant has been deprived by virtue of the merger of the specifications of Charge I into a single specification under that Charge, are ordered restored.

Judge HERRING and Judge BURTON concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

5