CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ALAN A. GALEANA**
**United States Army, Appellant**

ARMY 20140799

Headquarters, 8th Army
Mark A. Bridges, Military Judge
Colonel Craig A. Meredith, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Amanda R. M. Williams, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A. G. Courie III, JA; Major Steven J. Collins, JA; Captain Anne C. Hseih, JA (on brief).

25 April 2016

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general regulation and two specifications of assault consummated by battery, in violation of Articles 92 and 128 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, and a reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

GALEANA—ARMY 20140799

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises five assignments of error, only one which requires discussion and relief.[1] Appellant alleges the military judge erred by failing to dismiss Specification 1 of Charge II as an unreasonable multiplication of charges with Specification 2 of Charge II, both alleging an assault consummated by battery. Finding some merit in this assignment of error, we will grant appropriate relief in our decretal paragraph.

**BACKGROUND**

On 24 December 2013, appellant and several junior soldiers from his unit, to include Specialist (SPC) MB, attended a Christmas party at the off-post apartment of another soldier. Over the course of the evening, appellant and SPC MB consumed alcohol.

Later in the evening or early the next morning, SPC MB retreated to a guest bedroom in the apartment to sleep. Appellant entered the room soon thereafter and proceeded to get on top of SPC MB. He then in short order touched her breasts through her clothing and kissed her face and neck. Appellant did not immediately comply with SPC MB's request to get off of her. He finally complied when SPC MB began to hyperventilate. Appellant then "spooned" SPC MB and slept through the night.

Appellant pleaded guilty to Charge II, alleging a violation of Article 128, and its two specifications, which read:[2]

> Specification 1: In that [appellant], U.S. Army, did, at or near USAG-Yongsan, Republic of Korea, on or about 25 December 2013, unlawfully touch [SPC MB] on her breasts through her clothes with is hand.

> Specification 2: In that [appellant], U.S. Army, did, at or near USAG-Yongsan, Republic of Korea, on or about 25 December 2013, unlawfully kiss [SPC MB] on her face and neck with his mouth.

---

[1] Appellant personally raised two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), both of which are without merit.

[2] Specifications 1 and 2 of Charge II and Charge II initially alleged abusive sexual contact in violation of Article 120, UCMJ (2012). Prior to arraignment, the military judge granted the government's motion to amend Charge II and the language of the two specifications to allege a violation of Article 128, UCMJ, consistent with the terms of a pretrial agreement.

Trial defense counsel did not raise an objection at trial that these two specifications were multiplicious or otherwise represented an unreasonable multiplication of charges for purposes of findings or sentence.[3]

## LAW AND DISCUSSION

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *Quiroz*, 55 M.J. at 337).

Applying the factors set forth by our superior court in *Quiroz*, we conclude that appellant's conviction for both specifications of Charge II for assault consummated by battery represent an unreasonable multiplication of charges as applied to findings. First, although appellant raises this issue for the first time on appeal, we may nonetheless exercise our authority to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)). As to the second factor, each specification under Charge II is aimed at the same criminal act involving the unlawful touching of SPC MB. Third, standing convicted of two separate assault offenses for what was essentially one course of conduct exaggerates appellant's criminality. That is, appellant stands convicted of two offenses for what was essentially a single, unbroken act. An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Fourth, a conviction for both of these specifications, in theory, increased appellant's punitive exposure as it increased the maximum punishment that could be imposed by the court. However, this exposure was limited significantly by virtue of the terms of the pretrial agreement. Finally, we find no evidence of prosecutorial overreaching given the facts admitted at appellant's court-martial could support a finding of guilty to both specifications. An overall assessment of these factors favor appellant and we therefore find the specifications of Charge II represent an unreasonable multiplication of charges.

## CONCLUSION

The findings of guilty as to the specifications[4] of Charge II are merged and consolidated into a single specification under Charge II which reads as follows:

---

[3] The offer for pretrial agreement did not contain a common provision to "waive all waivable motions."

[4] Corrected

3

The Specification:

In that [appellant], U.S. Army, did, at or near USAG-Yongsan, Republic of Korea, on or about 25 December 2013, unlawfully touch [SPC MB] on her breasts through her clothes with his hand and unlawfully kiss [SPC MB] on her face and neck with his mouth.

The finding of guilty of Specification 2 of Charge II is set aside and DISMISSED.  The finding of guilty of the Specification of Charge II, as consolidated, and the remaining findings of guilty, are AFFIRMED.[5]

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v.* Sales, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).  In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as appellant's exposure remained nonetheless limited well below the maximum punishment for even a single violation of Article 128 by virtue of the pretrial agreement.  Second, we note appellant elected to be tried by a military judge sitting alone, so we are confident the sentence would not have changed had the specifications of Charge II been merged at trial.  Third, we find the merged offense captures the gravamen of appellant's criminal conduct which, ultimately, stemmed from a single event involving acts closely related in nature and in time.  Finally, based on our experience as judges on this Court, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial.

The approved sentence is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[5] Corrected

4