# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant JAMES D. HOLEMAN**
**United States Army, Appellant**

ARMY 20150207

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA: Captain Katherine L. DePaul, JA (on brief); Captain Heather L. Tregle, JA: Captain Katherine L. DePaul, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

17 May 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of making a false official statement, conduct unbecoming an officer and gentlemen, adultery and fraternization, in violation of Article 107, 133, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 907, 933, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal and thirty-seven days of confinement. The convening authority approved the findings and sentence.[1]

---

[1] The convening authority deferred automatic forfeitures from 10 April 2015 until 17 May 2015.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which requires discussion and relief.[2] Appellant alleges the military judge committed error by not finding Specification 1 of Charge IV, alleging adultery, multiplicious with the Specification of Charge III, alleging conduct unbecoming an officer. We find that these two specifications are multiplicious for findings and grant appropriate relief in our decretal paragraph.

## BACKGROUND

On or about 14 December 2013, appellant attended a farewell party for Staff Sergeant (SSG) RN at Sergeant (SGT) LD's house, located in Killeen, Texas. Private (PVT) CH and appellant's wife were also at the party. Later in the evening, after appellant's wife left the party, PVT CH approached appellant as he was tucking SGT LD's minor child into bed to "keep [appellant] company". She told appellant she would be in the "side room" if he wanted to finish their conversation. Appellant went into the "side room", where he and PVT CH engaged in sexual intercourse. While they were engaging in sexual intercourse, SGT LD walked into the room.

The military judge found appellant guilty of Charge III and its specification, in violation of Article 133, UCMJ, which alleged:

> In that [appellant], did, at or near Killeen, Texas, on or about 14 December 2013, did commit a sexual act upon [PVT CH's] vulva with his penis, and that under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentlemen.

The military judge additionally found appellant guilty of Specification 1 of Charge IV in violation of Article 134, UCMJ, which alleged:

> In that [appellant], a married man, did, at or near Killeen, Texas on or about 14 December 2013, wrongfully have sexual intercourse with [PVT CH] a woman not his wife, and that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

Both specifications were based upon the same sexual act by appellant.

---

[2] The assignment of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), is without merit.

Prior to the arraignment, the military judge summarized the contents of a Rule for Courts-Martial [hereinafter R.C.M.] 802 conference between the parties concerning whether or not the adultery and conduct unbecoming an officer and gentlemen "were the same" for findings. The military judge concluded:

> And after reviewing the cases; and the government's reviewing of the case; and the defense and the government's position on the matter which you guys can state your position, if I do not summarize it accurately. And, especially in light of *U.S. v. Sanchez* being pre-Jones, and how *U.S. v. Jones* treats lesser included offenses. This court is not inclined to consider the 134 as a lesser included of the 133, and then if the accused is provident to both of those then there will be a separate findings as to the 133 and the 134. However, I would be inclined to consider them as one offense for sentencing purposes.

Both parties concurred with the military judge's summation of the R.C.M. 802 session.

Prior to announcing the sentence, the military judge announced, "I have considered Charge III and its specification and Specification 1 of Charge IV, one, for sentencing purposes; and that changes the maximum confinement from nine years to eight years."

## LAW AND DISCUSSION

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

Applying the factors set forth by our superior court in *Quiroz*, we conclude that appellant's convictions for both the Specification of Charge III, conduct unbecoming, and Specification 1 of Charge IV, adultery, represent an unreasonable multiplication of charges as applied to findings. The record is void of appellant's objection to these charges as an unreasonable multiplication of charges for purposes

3

of findings; however, we need not apply waiver.[3]  As to the second factor, each specification under the respective charge is aimed at the same criminal act—sex with PVT CH.  Third, standing convicted of two separate offenses for one criminal act exaggerates appellant's criminality.  An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself."  *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)).  Fourth, a conviction for both of these specifications did not increase appellant's punitive exposure because the military judge merged the offenses for sentencing purposes.  Finally, we find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial could support a finding of guilty to either specification.

## CONCLUSION

The finding of guilty as to Specification 1 of Charge IV is set aside and that specification is DISMISSED.  The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).  In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the potential maximum sentence remains the same since the military judge treated both specifications as one for sentencing.  Second, we note appellant elected to be tried by a military judge sitting alone, so we are confident the sentence would not have changed had the Specification of Charge III and Specification 1 of Charge IV been merged at trial.  Third, we find the remaining offense captures the gravamen of appellant's criminal conduct which, ultimately, stemmed from a single sexual act.  Finally, based on our experience as judges on this Court, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial.

---

[3] This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved."  *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)).  This "awesome, plenary, *de novo* power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal.  *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)).  *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the CCA in the exercise of its Article 66(c), UCMJ, . . . powers.").

Having conducted this reassessment, we AFFIRM the sentence as approved. All rights, privileges, and property, of which appellant has been deprived by virtue of the dismissal of Specification 1 and Charge IV are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court