# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant LESHAN JONES**
**United States Army, Appellant**

ARMY 20140925

Headquarters, Fort Bragg
Christopher Fredrikson, Military Judge (arraignment)
Tara A. Osborn, Military Judge (trial)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief).

24 June 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of seven specifications of possession of child pornography and two specifications of possession of images depicting unnatural carnal copulation with an animal, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for fifty-two months, and a reduction to the grade of E-1. The convening authority approved the findings and sentence.[1]

---

[1] Appellant pleaded guilty pursuant to a pretrial agreement that capped confinement at 8 years, but otherwise allowed the convening authority to approve any other lawfully imposed sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant's sole assignment of error[2] asserts that the military judge abused her discretion in failing to merge Specification 8 with Specification 3, and Specification 9 with Specification 1 of The Charge as an unreasonable multiplication of charges. Finding some merit in this argument, we grant relief in our decretal paragraph.

## BACKGROUND

Appellant pleaded guilty to a single charge and nine specifications alleging a violation of Article 134, UCMJ. Specification 1 alleged appellant possessed child pornography, being 10 videos, stored on a Seagate external hard drive. Specification 9 of The Charge alleged appellant possessed one video of unnatural carnal copulation with an animal, which was found on the same Seagate hard drive. Specification 3 alleged appellant possessed child pornography, being ten videos and fifteen images stored on a WINTEC memory card. Specification 8 alleged possession of one video of unnatural carnal copulation with an animal found on the same WINTEC memory card.

Prior to entry of pleas, the military judge expressed on the record her concern whether Specifications 8 and 9 stated an offense. After a colloquy with trial and defense counsel-and with their concurrence-the military judge determined these specifications met the elements for a general Article 134, UCMJ, offense as conduct of a nature to bring discredit upon the armed forces. *See Manual for Courts-Martial*, ¶ 60c.(3) (2012 ed.). After entry of pleas, the military judge provided appellant the elements and definitions for possession of child pornography and disorders and neglects of a nature to bring discredit upon the armed forces, which appellant acknowledged and understood. The definition of "sexually explicit conduct," applicable to the child pornography specifications, included bestiality. *See* Dep't of Army, Pam. 27-17, Legal Services: Military Judges' Benchbook, para. 3-68b-1.d. n2 (10 Sept. 2014).

During the providence inquiry as to Specifications 8 and 9, appellant stated his belief that both videos involved a child engaged in sexual activity with an animal. In discussing the image alleged Specification 9, appellant acknowledged that the video at issue would also be child pornography.

## LAW AND DISCUSSION

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features

---

[2] Appellant personally raised five assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which warrant discussion or relief.

of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

Applying the factors set forth by our superior court in *Quiroz*, we conclude that appellant's convictions for Specifications 8 and 9 represent an unreasonable multiplication of charges as to findings with Specifications 3 and 1 of The Charge, respectively. First, appellant did not raise this issue at trial as to findings; however, we need not apply waiver.[3] Second, Specifications 3 and 8, as well as Specifications 1 and 9, are based on contraband images and videos stored on the same device. Third, separating out two videos into two additional specifications serves no purpose other than to exaggerate appellant's criminality. At base level, as is clear from the providence inquiry and stipulation of fact, this case involves possession of child pornography. An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Fourth, a conviction for both of these specifications increased appellant's theoretical punitive exposure by twenty years, although the terms of the pretrial agreement negated the possibility of an increase in his punishment. Finally, we find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial could support a finding of guilty to as to each of these specifications.

## CONCLUSION

Specification 8 is merged with Specification 3 of The Charge, and Specification 9 is merged with Specification 1 of The Charge, to read as follows:

> Specification 1: In that [appellant], did, at or near Fort Bragg, North Carolina, on or about 9 August 2012, knowingly and wrongfully possess child pornography, to wit: 11 digital videos of minors, or what appear to be

---

[3] This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)). This "awesome, plenary, *de novo* power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal. *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the CCA in the exercise of its Article 66(c), UCMJ, . . . powers.").

minors, engaging in sexually explicit conduct, on a Seagate external hard drive, such conduct being of a nature to bring discredit upon the armed forces.

Specification 3: In that [appellant], did, at or near Fort Bragg, North Carolina, on or about 9 August 2012, knowingly and wrongfully possess child pornography, to wit: 11 digital videos and 15 digital images of minors, or what appear to be minors, engaging in sexually explicit conduct, on a WINTEC filemate microSD memory card, such conduct being of a nature to bring discredit upon the armed forces.

Specifications 1 and 3, as merged, and the remaining findings of guilty are AFFIRMED. Specifications 8 and 9 of The Charge are set aside and DISMISSED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4