# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant NATHAN A. KELLEY**
**United States Army, Appellant**

ARMY 20140701

Headquarters, III Corps and Fort Hood
Gregory A. Gross and Rebecca K. Connally, Military Judges
Colonel Tania M. Martin, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano. JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief); Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A. G. Courie III, JA; Major John K. Choike, JA (on brief).

9 September 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of destroying private property of a value of more than $500, six specifications of assault consummated by a battery, two specifications of aggravated assault, and one specification of obstruction of justice, in violation of Articles 109, 128 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 909, 928, 934 (2006 & 2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-4.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error, one of which requires discussion and relief.[1] Appellant asserts that Specifications 1 and 2, Specifications 4 and 5, and Specifications 8 and 9 of Charge I are an unreasonable multiplication of charges as these six specifications arose out of only three assaults. We find this argument has merit as to Specifications 4 and 5 as well as to Specifications 8 and 9. We grant appropriate relief by merging the specifications in question in our decretal paragraph.

## BACKGROUND

Specifications 4 and 5 of Charge I stem from an incident during appellant's rest and recuperation leave while on deployment to Afghanistan. Appellant joined his then wife, Mrs. KK, and her family on a tubing trip. While becoming angry during a confrontation, appellant hit Mrs. KK on the head, grabbed her hair to keep her from reaching a telephone, and then held his hands around her neck to keep her on the ground. After this incident, appellant and Mrs. KK continued on their family trip.

Specifications 8 and 9 of Charge I arise from an incident near Fort Hood where appellant, his girlfriend Ms. JF, and another soldier were socializing at appellant's house. Later in the evening after an argument, Ms. JF stated she wished to leave, to appellant's displeasure. Appellant grabbed, threw, and smashed Ms. JF's cellular telephone. When Ms. JF attempted to grab appellant's phone, appellant pushed her against the wall with his hands around her neck, pushed her onto the bed, and then got on top of her to pin her down. During the struggle, Ms. JF fell off the bed onto the ground, where appellant continued to pin her down.

## UNREASONABLE MULTIPLICATION OF CHARGES

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

Applying the factors set forth by our superior court in *Quiroz*, we conclude that appellant's convictions for both Specification 4 and 5 of Charge I and Specification 8 and 9 of Charge I represent an unreasonable multiplication of

---

[1] The assignments of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

charges as applied to findings. We note this conclusion is conceded by the Government as to Specifications 8 and 9, but not as to Specifications 4 and 5.[2] Appellant objected to Specifications 8 and 9 as an unreasonable multiplication of charges for purposes of findings at trial. As to the second factor, each pair of specifications merged are aimed at the same criminal act, assault consummated by a battery, at the same place and time against the same victim. Third, standing convicted of two separate offenses for one criminal act exaggerates appellant's criminality. An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Fourth, a conviction for both of these specifications slightly increased appellant's punitive exposure. Finally, we find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial could support a finding of guilty to either specification.

## CONCLUSION

The findings of guilty as to Specifications 4 and 5 of Charge I are merged into a new Specification 4 of Charge I which reads as follows:

> In that [appellant], did, at or near, Killen, Texas, on or about 13 February 2010, unlawfully strike KK on her head with his hand, grab KK by her hair with his hand, and put his hands around her neck and apply pressure.

The findings of guilty as to Specifications 8 and 9 of Charge I are merged into a new Specification 8 of Charge I which reads as follows:

> In that [appellant], did, at or near Fort Hood, Texas, on or about 5 July 2013, unlawfully place his hands around JF's neck, apply pressure, push her to the ground, and pin JF's body to the floor with his body.

The finding of guilty as to Specifications 5 and 9 of Charge I are set aside and those specifications are DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior

---

[2] The Government bases the difference in its position on the fact that the appellant did not raise unreasonable multiplication of charges at trial as to Specifications 4 and 5. We do not find this factor determinative.

3

court in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find the relatively small change in the penalty landscape does not cause us pause in reassessing appellant's sentence. Second, we note appellant elected to be tried by a military judge sitting alone, so we are confident the sentence would not have changed had Specifications 4 and 5 of Charge I and Specifications 8 and 9 of Charge I been merged at trial. Third, we find the remaining offenses capture the gravamen of appellant's criminal conduct which, ultimately, stemmed from the same acts. Finally, based on our experience as judges on this court, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Having conducted this reassessment, we AFFIRM the sentence as approved by the convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court