UNITED STATES, Appellee

v

JOSEPH P. McNAMARA, Private, U. S. Army, Appellant

7 USCMA 575, 23 CMR 39

No. 8515

Decided March 22, 1957

*First Lieutenant Gene E. Overbeck* argued the cause for Appellant, Accused. With him on the brief were *Major Frank C. Stetson, First Lieutenant Norman W. Polovoy,* and *Leonard Smith, Esq.*

*First Lieutenant Peter J. Hughes* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant James G. Duffy.*

ROBERT E. QUINN, Chief Judge:

Intermediate reviewing authorities have affirmed the accused's conviction for desertion, in violation of Article of War 58, 10 USC (1946 ed) § 1530 (now Article 85, Uniform Code of Military Justice, 10 USC § 885), and his sentence which includes a dishonorable discharge and confinement at hard labor for five years. We granted review to consider whether the evidence is sufficient to show the inception of the alleged unauthorized absence. The cause was heard in due course, and on February 15, 1957, we published our opinion. This opinion was recalled when the accused petitioned for reconsideration. The petition was granted, and the case was reconsidered upon the basis of the original pleadings and briefs and the papers submitted with the petition for reconsideration.

Two extracts from the accused's service record were received in evidence for the prosecution. Prosecution Exhibit 2A was taken from the Time Lost section. It reads as follows:

"(a) Absence without proper authority or in desertion

| From | To | Days |
|------|-----|------|
| . . . . . . . . . . | . . . . . . | . . . . . . |
| 4 June 1944" | . . . . . . | . . . . . . |

The second entry, prosecution Exhibit 2B, is an eighth endorsement addressed to The Adjutant General. In pertinent part, it notes that, in accordance with AR 615–300, July 22, 1944, the accused was dropped from the rolls on "4 June 44 as AWOL;" that he was last paid on May 31, 1944; and that at the time nothing was due to the United States because the accused was "AWOL 4 June 44 to," and nothing was due to the accused because he had been dropped from the rolls "as AWOL." The entry is dated August 7, 1944. The prosecution also showed that on July 25, 1955, the accused was assigned to a Station Complement unit of the Southern California Sub-District and Ft. McArthur and confined in the post guardhouse. By appropriate order, he was later assigned to an organization at Ft. Ord, California, where the trial was held.

For its own case, the defense relied partly upon testimony elicited by cross-examination of the Personnel Officer at Ft. Ord, who appeared as a prosecution witness, and partly upon other official records. The Personnel Officer testified that Time Lost entries in the service record are "normally" made from a morning report. The defense then introduced a morning report relating to the accused's absence for the "limited purpose of showing" that, contrary to the regulations, it was neither signed nor initialled, and, therefore, was not competent evidence of the facts recited. See United States v Parlier, 1 USCMA 433, 4 CMR 25. The defense also introduced a copy of an entry in the "Remarks—Administrative" section of the accused's service record. This purports to show familiarization in certain weapons on "8 June 44" and "10 June 44," and qualification as a marksman with the M-1 Rifle on "7 June 44."

It can hardly be argued that one official record is entitled to more or less weight than another. Each is presumed to speak the truth; and there is no presumption that one official is more or less likely to keep his records more accurately than another. However, mere officiality does not prove the truth of the matters recited in an official document. For a record to be "admissible as evidence of the fact or event," it, in part, must be made in the performance of a legally imposed duty to record that fact or event. Manual for Courts-Martial, United States, 1951, paragraph 144b; United States v Coates, supra; United States v Bennett, 4 USCMA 309, 15. CMR 309. Here, the "actual" date of the accused's absence was required to be ascertained and recorded in both the Time Lost section and in the indorsement forwarding the service record to The Adjutant General. AR 345–125,

paragraph 19*f*, 30, February 1, 1932, as amended by Change 14, June 1, 1943. Consequently, in the absence of an attack on its reliability, either entry constitutes prima facie proof of the absence. On the other hand, AR 345-125, paragraph 11, Change 6, October 7, 1942, provides for an entry in the "Remarks—Administrative" section in regard to qualification in arms "only in those cases in which extra compensation is granted." Familiarization firing is not qualification. Hence, with a single exception, the entries were not made pursuant to a duty to record the events and their dates, and are not evidence of those facts. The entry in regard to a marksman's rating is a qualification rating. See AR 775-10, paragraph 19, January 1, 1943. However, provision for extra pay for qualification in arms was, at the time, limited to qualification as an expert. AR 35-2380, paragraph 2*c*, June 20, 1940. Consequently, the marksman entry was not made pursuant to an official duty to record the fact recited. It cannot in any way, therefore, affect the reliability of the official entries in regard to the accused's absence status. Unimpeached, either of the latter entries was plainly sufficient to establish the inception of the accused's absence. United States v Wilson, 4 USCMA 3, 15 CMR 3.

As part of his claim of error, however, the accused contends that prosecution Exhibit 2A, the "Time Lost" section of the service record, was erroneously received in evidence because not made in accordance with the existing regulations. Apparently the original entry was made in pencil, and sometime in August 1955, the pencil markings were traced over in ink. The regulations required that the entry be made in ink. AR 345-125, February 1, 1932, as amended by Change 23, March 1, 1944. The Government concedes the correctness of the accused's contention. However, we are not bound by the concession, and we express no opinion on the point. United States v Patrick, 2 USCMA 189, 7 CMR 65. For our purposes, we may assume that the time lost entry is inadmissible. Its reliability was vigorously and substantially attacked by the defense. On the other hand, the eighth indorsement was completely unimpeached. The latter record was made at a time substantially contemporaneous with the event, and there is no contravening evidence of any kind in regard to the correctness of the facts it recites. Under these circumstances, we do not believe that the time lost entry exerted any measurable influence upon the court-martial in determining the accused's guilt or innocence. United States v Pavoni, 5 USCMA 591, 18 CMR 215. Cf. United States v Anderten, 4 USCMA 354, 15 CMR 354, dissenting opinion, Chief Judge Quinn.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.