UNITED STATES

v.

Airman First Class Mark R. LECAPPE-
LAIN, FR 204–42–3612, United
States Air Force.

ACM 22600.

U. S. Air Force Court of Military Review.

Sentence Adjudged 20 June 1979.

Decided 21 March 1980.

Appellate Counsel for the Accused: Colo-
nel Larry G. Stephens and Captain Robert
P. Hailey.

Counsel for the United States: Colonel
James P. Porter and Captain N. Steven
Linder.

Before HERMAN, ARROWOOD and
MILES, Appellate Military Judges.

DECISION

MILES, Judge:

Contrary to his pleas, accused was con-
victed by general court-martial of posses-
sion of 939.06 grams of marijuana in the
hashish form, a violation, of Article 134,

Uniform Code of Military Justice, 10 U.S. C.A. § 934. The approved sentence extends to confinement at hard labor for twelve months, forfeiture of $279.00 per month for twelve months and reduction to airman basic.

Appellate defense counsel assert that the military judge erred in admitting 6.55 grams of hashish because the search which resulted in its seizure was conducted without authorization. Counsel also assert that a pipe with marijuana residue and an additional 932.5 grams of hashish were improperly admitted because the officer authorizing the search was not a neutral and detached magistrate. We disagree with both assertions.

At Hahn Air Base, Germany on 22 November 1978, two security policemen and a dog handler using a narcotics detection dog, conducted a routine, but unscheduled, walk through inspection of the common areas of a barracks. At the stairwell entrance to the second floor, the security policemen noticed the odor of burning marijuana, and the dog also reacted. Outside a room entrance, the odor was stronger and the dog alerted. At the same time, the accused and three other airmen left the room and were apprehended. A quick search for weapons revealed some hashish in the possession of one of the other airmen.

Sergeant Swoveland, one of the security policemen, then telephoned the squadron commander, Lieutenant Colonel Duckworth, related these details, and requested permission to thoroughly search the four suspects and the room where the dog had alerted. The testimony varies as to what occurred next. Sergeant Swoveland, testifying at length, stated that the commander authorized the ensuing search over the telephone. Colonel Duckworth's recollection was that he did not authorize the search until he arrived at the scene. After the telephone call, a strip search of the accused produced approximately 6.55 grams of hashish. Thereafter, Colonel Duckworth arrived, was

further briefed and the search continued. At trial, Colonel Duckworth explained his presence as a routine occurrence, partly designed to protect the interests of accused persons but also done to satisfy himself as to what was happening. After Colonel Duckworth left the scene, a smoking pipe with residue was seized and a backgammon game, containing 932.5 grams of hashish, was seized from accused's locker.

Counsel assert that the initial seizure of hashish from the accused's person was unlawful since the prosecution evidence conflicted as to whether the search was authorized at the time of this seizure.

Whenever an accused challenges the seizure of evidence through a search, the prosecution has the burden of affirmatively establishing that proper search authorization was granted. *United States v. Sessions,* 10 U.S.C.M.A. 383, 27 C.M.R. 457 (1959). The issue of admissibility of fruits of a search is resolved by the military judge as an interlocutory question, based upon the preponderance of the evidence. Manual for Courts-Martial, 1969 (Rev.), paragraphs 57*g*, 67*e*, and 152. *United States v. Buckingham,* 9 M.J. 514 (A.F.C.M.R.1980). The determination of the accuracy and the weight of the testimony of each witness is for the trier of the facts. *United States v. Collier,* 1 M.J. 358 (C.M.A.1976). Yet, when the prosecution evidence itself is in substantial contradiction, it is difficult for the prosecution to meet its burden of proof. See *United States v. Collier, supra,* and *United States v. McNamara,* 7 U.S.C.M.A. 575, 23 C.M.R. 39 (1957).

Applying these principles to this case, we believe the military judge did not abuse his discretion in finding that Colonel Duckworth authorized the search of the accused and his room during the initial telephone call. This conclusion is supported by the unequivocal testimony of Sergeant Swoveland, the clear probable cause, and all the other facts and circumstances.* We

---

* Use of the sense of smell by the police, and by trained and reliable dogs, in common areas is not a search, but is a useful aid by law enforcement authorities in establishing probable cause.

*United States v. Grosskreutz,* 5 M.J. 344 (C.M.A.1978); *United States v. Unrue,* 22 U.S.C.M.A. 466, 47 C.M.R. 556 (1973).

note Colonel Duckworth knew the reliability of the dog who alerted, and that on his arrival at the scene he simply asked how the search was progressing and received a further briefing. We view Colonel Duckworth's testimony as an honest failure to recall giving his consent on the telephone, not a substantial contradiction of Sergeant Swoveland's testimony. Therefore, the search of the accused which revealed some six grams of hashish was properly authorized.

This finding does not entirely resolve the search issue. Appellate defense counsel base their remaining assignment of error on the opinion in *United States v. Ezell*, 6 M.J. 307 (C.M.A.1979).

In that case, the United States Court of Military Appeals stated:

> [W]e consider that anyone present during the search is engaged in law-enforcement activities, so we can expect that the commander will not be present at the scene of the search. *Presence would indicate to us that the commander has been engaged in law-enforcement activities throughout his participation in the entire authorization process*, except in very extraordinary situations, which we will deal with on a case-by-case basis. (emphasis added)

*United States v. Ezell, supra*, at 319.

 Appellate counsel assert that Colonel Duckworth's presence at the scene raised the specter that he was not a neutral and detached magistrate. In our view, the holding in *Ezell*, as to the presumptions drawn from the presence of the commander at the scene, is inapposite since this search occurred prior to the decision in that case, and is not controlled by that decision. *United States v. Johnson*, 8 M.J. 233 (C.M.A.1980). Furthermore, we find no evidence that Colonel Duckworth was involved in the competitive enterprise of ferreting out crime or that he was otherwise predisposed against the accused so as to disqualify himself from being a neutral and detached magistrate. See *United States v. Guerette*, 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975); *United States v. Staggs*, 23 U.S.C.M.A. 111,

48 C.M.R. 672 (1974). Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge, and ARROWOOD, Judge, concur.

