UNITED STATES, Appellee,

v.

Clifford R. HAND, Sergeant, U. S. Air Force, Appellant.

No. 38,912.
ACM S24767.

U. S. Court of Military Appeals.

August 3, 1981.

For Appellant: *Colonel Larry G. Stephens, Major Wade B. Morrison* (on brief).

For Appellee: *Colonel James P. Porter, Major Robert T. Mounts* (on brief).

## OPINION OF THE COURT

PER CURIAM:

We granted review (9 M.J. 138) to determine whether the authorities below complied with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Appellant submits that the service of the post-trial review was deficient for several reasons. However, we need only address one of those reasons. Government counsel conceded before the court below that the convening authority had abused his discretion under the circumstances presented by rejecting a defense-requested delay for the purpose of responding to the post-trial review. That court rejected the concession, noting "the rule of 'fundamental fairness' which we have relied on in other cases of this nature does not dictate that the defense counsel be given additional time by the convening authority." 8 M.J. 701, 703 (1980).

While a court is not bound to accept a government concession (*United States v. McNamara*, 7 U.S.C.M.A. 575, 23 C.M.R. 39 (1957)), we note that there were circumstances appearing in the record which would have justified delay. The Government has conceded that these facts constitute an abuse of the convening authority's discretion. Under the circumstances, we do not deem it in the interest of justice to reject that concession. *See Mariscal v. United States*, 449 U.S. 405, 101 S.Ct. 909, 66 L.Ed.2d 616 (1981); *United States v. Gorham*, 9 U.S.C.M.A. 89, 25 C.M.R. 351 (1958); *United States v. Wagner*, 8 U.S.C.M.A. 395, 24 C.M.R. 205 (1957).

The decision of the United States Air Force Court of Military Review is reversed and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to a convening authority for a new action in compliance with *United States v. Goode, supra.*