

No. 14–0660/AR.   U.S. v. Michael C. Budka.   CCA 20120435.   On further consideration of the granted issues (74 M.J. 55 (C.A.A.F. Oct. 23, 2014)), and the briefs of the parties, we first conclude that the United States Army Court of Criminal Appeals did not abuse its discretion and did not violate the principle of party presentation, as outlined in *Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008), when it summarily affirmed the finding of guilty to the offense of aggravated assault after the Government conceded that the factual predicate for that offense had not been met.   Under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2012), the Court of Criminal Appeals may affirm only such findings of guilty as it finds correct in law and fact, and "[i]n considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses." These factfinding powers are "unparalleled among civilian appellate tribunals," and the decision in *Greenlaw* did not take those powers into consideration. *United States v. Baker*, 28 M.J. 121, 122 (C.M.A. 1989).   Neither the Court of Criminal Appeals, nor this Court, is bound by government concessions.   *See United States v. Emmons*, 31 M.J. 108, 110 (C.M.A. 1990); *United States v. Hand*, 11 M.J. 321, 321 (C.M.A. 1981); *United States v. Wille*, 9 C.M.A. 623, 627, 26 C.M.R. 403, 407 (1958); *United States v. McNamara*, 7 C.M.A. 575, 578, 23 C.M.R. 39, 42 (1957); *United States v. Patrick*, 2 C.M.A. 189, 191, 7 C.M.R. 65, 67 (1953).   Second, we conclude that Appellant's plea of guilty to aggravated assault was provident and that the military judge did not abuse her discretion by accepting the plea.   Accordingly, it is ordered that the decision of the United States Army Court of Criminal Appeals is affirmed.

No. 13–0408/MC.   U.S. v. Don W. Bailey, Jr.   CCA 201200370.   On consideration of Appellant's motion to supplement the record and motion to disqualify Colonel Mark Jamison, Director, Code 46, as counsel and to appoint a special master to develop relevant facts, it is ordered that said motions are hereby denied.

No. 15–0235/AF.   U.S. v. Marcus K. Linn.   CCA 38451.   Appellant's motion to supplement the record is denied.

No. 15–0326/MC.   U.S. v. Daniel W. Eads.   CCA 201400226.   Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 10, 2015.