# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, AND WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant FRANCIS A. CARISTA**
**United States Army, Appellant**

ARMY 20150243

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant: Captain Joshua B. Fix, JA (argued); Lieutenant Colonel Jonathan F. Potter, JA; Lieutenant Colonel David E. Coombs, JA (on brief); Major Andres Vazquez, Jr., JA.

For Appellee: Captain Jennifer A. Donahue, JA (argued); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

18 January 2017

---------------------------------
OPINION OF THE COURT
---------------------------------

WOLFE, Judge:

The victim in this case is a ten year-old girl named JG. In class one day, JG's teacher noticed her scratching or rubbing her groin. The teacher pulled her into the hallway to discuss what she was doing. In response to her teacher's questions, JG told her teacher she had been molested by appellant.

At trial, the government introduced the teacher's testimony that JG's behavior in class was "masturbation." The defense objected and argued that the evidence of masturbation was "sexual behavior" by the victim, which was covered by Military Rule of Evidence [hereinafter Mil. R. Evid.] 412. The military judge overruled the defense objection. Having preserved the error at trial, the defense asks this court for relief.

Today we take up the defense's assignment of error and address the application of Mil. R. Evid. 412 to the government. Does Mil. R. Evid. 412 apply to

the government? Yes. Must the government follow the procedural requirements before introducing evidence that falls under Mil. R. Evid. 412? Again, yes. And, finally, what happens when the military judge admits government Mil. R. Evid. 412 evidence without first requiring the government to follow the rule's procedural requirements? We test for prejudice.

## BACKGROUND

A general court-martial consisting of a military judge sitting alone convicted appellant, contrary to his pleas, of two specifications of lewd acts with JG, a child under the age of 12, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter, UCMJ]. The trial counsel asked the military judge to sentence appellant to be confined for seven years. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for eight years, and a reduction to the grade of E-1.

The sole issue we discuss on appeal regards the admissibility of JG's conduct in class under Mil. R. Evid. 412.[1] At trial, the defense characterized her behavior as scratching a genital itch. The defense used this characterization to argue that the allegations of child sexual assault all came from the initial leading questions by the teacher, which then snowballed into a false accusation. The government, in contrast, believed that JG had been masturbating in class. The government argued that the evidence was admissible to explain the initial outcry of sexual assault and to show unusual sexual behavior by a child.

---

[1] Although intertwined, appellant does not claim on appeal that JG's accusatory statements to her teacher that appellant had assaulted her were inadmissible. At trial, the defense objected to the statements as hearsay. The government responded that the statements were an excited utterance and that they constituted a prior consistent statement offered to rebut an allegation of recent fabrication. While the government offered to lay a foundation for the excited utterance, the military judge overruled the defense objection because he found it was a prior consistent statement. Accordingly, the issue we discuss today is limited to whether the military judge correctly allowed JG's teacher to testify that she saw JG masturbating in class. Appellant's remaining assignment of error that the findings are factually insufficient, as well as the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not merit detailed discussion or relief.

**LAW AND DISCUSSION**

*A. Goose and Gander: Application of Mil. R. Evid. 412 to Government Evidence.*

At trial, and initially on appeal, the government argued that Mil. R. Evid. 412 does not apply to government evidence. Specifically, and perhaps speciously, at trial the government stated that they did not believe that JG's act of masturbation constituted "sexual behavior" and, that since masturbation happened in an open classroom, JG had no privacy interest in its exclusion. However, at oral argument before this court, both parties agreed that Mil. R. Evid. 412 applies to government evidence. That is, if the government intends to introduce evidence of "other sexual behavior" by the victim, the government must have an exception to the rule under Mil. R. Evid. 412(b) and must follow the due process requirements contained in Mil. R. Evid. 412(c).

By its own terms the rule clearly applies to both parties. *See* Mil R. Evid. 412(c)(1) ("A *party* intending to offer evidence . . . ."). Our superior court has likewise stated, if in dicta, that Mil. R. Evid. 412 applies to both parties. *United States v. Banker*, 60 M.J. 216, 223 (C.A.A.F. 2004) ("M.R.E. 412(a)'s general rape shield rule is applicable to both parties."). Guided by the plain language of the rule, our superior court's prior decisions, and the agreement of both parties at oral argument, we also agree. This interpretation is also in alignment with the purpose of the rule. *Id*. at 221 (The purpose of Mil. R. Evid. 412 is "to protect alleged victims of sexual offenses from undue *examination* and cross-examination of their sexual history.") (emphasis added). While a victim's interests are often in accord with those of the prosecution, such solidarity of purpose cannot be presumed. When a party intends to offer evidence of a victim's sexual behavior that is not part of the *res gestae* of the charged offense,[2] a victim's privacy interest and the concurrent right to a notice and a hearing are not diminished because the offering party happens to be the government and not the defense.

*B. Government Exceptions to Mil. R. Evid. 412.*

Before addressing the military judge's ruling in this case, we briefly address the exceptions that could apply to government evidence. Of the three exceptions contained in Mil. R. Evid. 412(b)(1), it is likely that only the second could arguably

---

[2] Mil. R. Evid. 412(a)(1) only applies to "other sexual behavior." As the advisory committee notes to Federal Rule of Evidence [hereinafter Fed. R. Evid.] 412(a)(1) make clear, "[t]he word 'other' is used to suggest some flexibility in admitting evidence 'intrinsic' to the alleged sexual misconduct." Advisory Committee Notes, 1994 Amendments, Fed. R. Evid. 412. As the military judge and both parties agree on appeal that Mil. R. Evid. 412 applies to the classroom masturbation, we do not discuss in depth the limits of when conduct is intrinsic to the charged offense.

apply to the government: "evidence of specific instances of sexual behavior by the alleged victim *with respect to* the person accused of the sexual misconduct offered by . . . the prosecution." *Id.* (emphasis added). As the italicized language indicates, the key issue we must decide is what does sexual behavior "with respect to the person accused" mean? Or, in this case, is post-assault masturbation by a child while in school "with respect to" appellant?

At oral argument, appellant argued that we should read "with respect to" to mean "with." That is, the exception is limited to circumstances where the victim and accused engaged in sexual behavior with each other. We do not find that reading persuasive.

First, that is not the plain language of the rule. If the drafters had meant "with" they likely would have said so. Instead, although not a model of clarity, the rule's use of "respect to" appears to be broader than just sexual conduct with the accused.

Second, appellant's reading of the rule would serve to exclude victim impact evidence from sentencing. A victim's hesitancy to engage in post-assault intimacy with his or her partner–likely admissible aggravation evidence under Rule for Court-Martial [hereinafter R.C.M.] 1001(b)–would be excluded from trial if it was not "with respect to" the person who committed the assault. That is, otherwise admissible testimony of evidence in direct aggravation of the offenses would be excluded under appellant's reading. [3]

Accordingly, we interpret "with respect to the person accused" as requiring a logical nexus between the accused and the sexual behavior of the alleged victim in question. This could include post-assault changes in sexual behavior if they are logically related to the assault. Of course, as with all evidence introduced under Mil. R. Evid. 412, such evidence must also be logically and legally relevant under Mil. R. Evid 402 and 403.

---

[3] This issue likely reflects a difference in how rules of evidence are applied in federal courts versus courts-martial. The rules of evidence are fully applicable in court-martial presentencing proceedings, but do not apply to presentencing proceedings in federal district courts. *Compare* Mil. R. Evid. 1101 *with* Fed. R. Evid. 1101(d)(3). However, changes to the Federal Rules of Evidence are automatically incorporated into Military Rules of Evidence. Mil. R. Evid. 1102(a). Thus, rules of evidence that were designed for use only during the guilt phase of a civilian trial, are automatically incorporated into court-martial presentencing proceedings.

*C. The Military Judge's Ruling.*

The military judge twice ruled on the defense's objection to evidence that JG masturbated in class.

The first objection was to the government's opening statement. In this judge alone case, the trial counsel began his argument by telling the military judge that the case started when JG's teacher "observes [her] masturbating during after-class tutoring." The military judge overruled the defense's objection and stated that Mil. R. Evid. 412 could not be used "as a sword" to prohibit the admission of government evidence. However, the military judge specifically (and repeatedly) limited his ruling to the issue of whether it was a proper opening statement.

Appellant's second objection came when the government called JG's teacher to the stand to testify that she saw the young girl masturbating in class. The military judge ruled as follows:

> I disagree with the government that this is not sexual behavior. I find that it is sexual behavior. However, I also find that there is an exception for the prosecution to introduce that behavior if it is relevant, material, or favorable, and if the proper balancing test is applied. And having made those considerations, I find that based on the proffer by the government that the evidence is deduced [sic] to indicate why the initial outcry was made or why the school officials--it was brought to their attention--I find it's probative for that reason and outweighs any unfair prejudice to the accused by letting in this alleged sexual misconduct by the victim in this case. So I'm going to allow [JG's teacher] to discuss what she saw [JG] doing.

We interpret the military judge's ruling as having three parts. First, by stating that the in-class masturbation was "sexual behavior" the military judge rejected the trial counsel's arguments that this evidence fell outside of Mil. R. Evid. 412. Second, the military judge found an exception to Mil. R. Evid. 412 for government evidence that is "relevant, material, or favorable." Although the military judge did not explicitly state so, this appears to be an adaptation from the "constitutional exception" in Mil. R. Evid. 412(b)(1)(C). *See United States v. Ellerbrock*, 70 M.J. 314, 318 (CAAF 2011); *United States v. Gaddis*, 70 M.J. 248 (CAAF 2011). However, as noted above, the constitutional exception by its own terms does not apply to government evidence. Mil. R. Evid. 412(b)(1)(C) ("evidence that exclusion of which would violate the constitutional rights *of the accused.*") (emphasis added).

5

Third, the military judge appeared to limit the admissibility of the evidence to explain how appellant's conduct first came to light–the "initial outcry." That is, the military judge appeared to admit the evidence only for the purpose of explaining why JG ended up in the hallway answering questions from her teacher, and did not admit the testimony of masturbation as substantive evidence of an offense.

### D. The Tipsy Coachman.

On appeal, and clarified during oral argument, the government argues that while the military judge applied the wrong exception, evidence regarding JG's masturbation in class was nonetheless admissible as "sexual behavior by the alleged victim with respect to the person accused. . . ." In other words, the government argues that the trial court reached the right results for the wrong reason.

The principle is sometimes referred to as the "tipsy coachman" doctrine. *See, e.g.*, *Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) ("This long-standing principle of appellate law, sometimes referred to as the 'tipsy coachman' doctrine, allows an appellate court to affirm a trial court that 'reaches the right result but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.'") (citation omitted). Georgia Supreme Court Justice Bleckley quoted Oliver Goldsmith's 1774 poem, Retaliation, to illustrate the concept. [4]

> It may be that we would draw very different inferences [from those drawn by the trial court], and these differences might go to uphold the judgment; for many steps in the reasoning of the court below might be defective, and still its ultimate conclusion be correct. It not infrequently happens that a judgment is affirmed upon a theory of the case which did not occur to the court that rendered it, or which did occur and was expressly repudiated. The human mind is so constituted that in many instances it finds the truth when wholly unable to find the way that leads to it.

*Lee v. Porter*, 63 Ga. 345, 346 (1879).

---

[4] "The pupil of impulse, it forc'd him along,
His conduct still right, with his argument wrong;
Still aiming at honour, yet fearing to roam,
The coachman was tipsy, the chariot drove home."

Oliver Goldsmith, Retaliation, 45-48.

Military courts have in the past given this principle the less colorful appellation of "right result, wrong reason." *See, e.g., United States v. Robinson,* 58 M.J. 429, 433 (C.A.A.F. 2003) (" . . . the military judge's error was harmless, because the military judge reached the correct result, albeit for the wrong reason."); *United States v. Leiffer*, 13 M.J. 337, 345 n.10 (C.A.A.F. 1982) ("however, '[I]n the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.'") (quoting *Helvering v. Gowran*, 302 U.S. 238, 245 (1937)); *see also*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711, (1996) ("affirm[ing] on grounds different from those provided by the Ninth Circuit"); *Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty*, 673 F.3d 333, 337 n.2 (4th Cir. 2012) ("[W]e may affirm a [trial] court's decision on different grounds than those employed by the [trial] court[.]"); *Jordan v. Travelers Ins. Co.*, 245 So. 2d 151, 153 n.2 (La. 1971) ("[T]he appellate court may affirm on grounds different than those argued before or relied upon by the lower court."); *Schmehl v. Helton*, 662 S.E.2d 697, 705 n.7 (W. Va. 2008) ("[T]his Court may in any event affirm the circuit court on any proper basis, whether relied upon by the circuit court or not.").

Here, we find the testimony that JG was masturbating in school to be squarely within the exception provided in Mil. R. Evid. 412(b)(1)(B). The government's theory of the evidence–and the reason the defense opposed it–was that it explained why JG's teacher called JG into the hall and gave context to JG's subsequent explanation. Thus, although the military judge erred in applying the constitutional exception to government evidence, we do not disagree with his ultimate conclusion that the evidence was admissible under an exception to Mil. R. Evid. 412. In other words, the government showed that the post-assault masturbation was "with respect to the person accused."

*E. Mil. R. Evid. 412(c) Procedural Requirements.*

Notwithstanding that we find under the tipsy coachman doctrine an applicable exception, we must still address the absence of the threshold procedural steps required under the rule. If a close reader has noticed that we have failed to mention what happened during the closed Article 39(a), UCMJ, session held pursuant to Mil. R. Evid. 412(c)(2), it is because one did not happen. Nor does it appear that JG or the defense was provided notice of the government's intent to offer evidence of "other sexual behavior." Thus, we do not know how JG felt (or more accurately the opinion of her parents or guardian) on the testimony in open court about her classroom masturbation. It could be that they would offer no objection. Or, alternatively, given their somewhat reluctance to participate in the case, they could have argued in favor of exclusion given the evidence's limited probative value. If the purpose of the rule, at least in part, is to provide victims due process before discussing their sexual history in open court then its purpose was not well served here.

7

Of course, appellant lacks standing on appeal to claim any violation of JG's procedural rights under Mil. R. Evid. 412. However, appellant *himself* was entitled to notice before evidence covered by Mil. R. Evid. 412 could be admitted. Mil. R. Evid. 412(c)(1)(A). Having received no notice, appellant may justifiably rely on the absence of notice in planning his trial strategy. And a party can cry foul when, having received no notice, such evidence is admitted mid-trial.

Mil. R. Evid. 412(c)(1)(A) requires notice to be filed with the opposing party "*at least 5 days* prior to entry of pleas . . . ." The military judge may direct an alternative time for filing, or allow filing mid trial, but only for "good cause shown." We do not believe the trial counsel's belief that the masturbation in question did not constitute "sexual behavior" would qualify as "good cause shown." Nor, unless the exception were to swallow the rule, would negligence or forgetfulness qualify as "good cause." Defense counsel are routinely required to file motions under Mil. R. Evid. 412(c). When they do not, in the absence of good cause, the evidence is inadmissible. We see no reason to hold the government to a lesser standard.

Here, the military judge did not explain why he was allowing the government to introduce Mil. R. Evid. 412 evidence mid-trial. It is therefore not clear whether the military judge found good cause or not. While we would normally give substantial deference to a military judge's good cause determination, we cannot give deference to an unstated, *sub silento* finding. Reviewing the record ourselves we do not find any good cause that would excuse the government's failure to provide notice under Mil. R. Evid. 412.

Accordingly, we find that the military judge committed error when, in the absence of good cause, he allowed the government to present testimony covered by Mil. R. Evid. 412 without proper notice.

*F. Prejudice.*

Having found error, we next turn to whether appellant was prejudiced. We find no material prejudice to appellant. UCMJ, art. 59(a).

First, although the defense did object at trial to the lack of notice, they did not articulate any prejudice stemming from the lack of notice. In our review of the record, we find none. As the defense admitted at trial, they were well aware of the evidence of masturbation from the pretrial discovery and preliminary hearing under Article 32, UCMJ, even if they were not formally served notice that the government intended to use it.

Second, it should be noted the defense did not seek to exclude all testimony about what JG's teacher saw. Rather, what the teacher described as masturbation the

defense sought to label as scratching. The defense's entire theory of the case was that leading questions from JG's teacher were the inception for a false report that then snowballed with each retelling.

Third, whether testimony about masturbation was admitted or not under Mil. R. Evid. 412 is unrelated to whether JG's statement to her teacher accusing appellant of assault would be admitted. The actual accusation was (and is) by far the more damaging. In other words, had the military judge sustained the defense objection the evidence against appellant would have been substantially the same. JG's teacher, for example, could have testified that after seeing some unusual behavior (without mentioning masturbation), she called JG into the hallway for an explanation. JG's subsequent explanation–that appellant had sexually assaulted her–would have had less context, but would have had the same probative value.

Fourth, the military judge appeared to limit his admission of the testimony regarding masturbation to explain why JG's teacher called her into the hall. In overruling the defense objection, the military judge did not, for example, admit the testimony as substantive evidence that an eleven-year-old girl who is masturbating in class must have been sexually assaulted by someone.

## CONCLUSION

The findings and sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court