CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist AVERY J. SUAREZ**
**United States Army, Appellee**

ARMY MISC[1] 20170366

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant: Captain Catharine M. Parnell, JA (argued); Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Captain Samuel E. Landes, JA; Captain Catharine M. Parnell, JA (on brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Samuel E. Landes, JA (reply brief).

For Appellee: Captain Joshua B. Fix, JA (argued); Lieutenant Colonel Christopher D. Carrier, JA; Major Todd W. Simpson, JA; Captain Joshua B. Fix (on brief).

27 September 2017

------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

In this case we consider an appeal by the United States, under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862 (2012 & Supp. IV 2017) [hereinafter UCMJ]. The government claims that the military judge erred as a matter of law when he suppressed the results of a search of the accused's cell phone. We decline to address the merits of the government's arguments on appeal because we

------------------------------------------------------------------------

[1] Corrected.

find that the government waived the underlying issues at the trial court. We therefore deny the government's appeal.

## BACKGROUND[2]

An internet company provided local police in Richland, Washington, with information indicating that the accused was involved in child pornography offenses. Upon receipt of an affidavit, a military magistrate authorized a search of the accused's phone. The scope or legality of the search authorization is not part of this appeal.

On 28 February 2017, an agent from the Army Criminal Investigative Command (CID) seized the accused's phone from his person pursuant to the authorization. The accused was placed in handcuffs and brought to the CID offices at Fort Bliss and interrogated. The accused was read his rights in accordance with *United States v. Miranda*, 384 U.S. 436 (1966), and Article 31(b), UCMJ. While the accused initially waived his rights, he later invoked his right to consult with counsel. The accused was released back to his unit.

There are two versions of events claiming to explain *when* CID asked the accused to provide his passcode to his phone to an investigator. The accused testified that he was asked for his passcode *before* he was advised of his rights under Article 31(b), UCMJ. However, an agent from CID testified that the day after the interview, she sought out the accused to have him sign for personal property that CID was returning to him. During this exchange of personal property she testified that she asked the accused for the passcode to his phone.

The military judge did not find it necessary to determine which version was the more likely. This is because, and critically, neither party asserts that the accused provided his passcode while being questioned after having waived his rights. Either the question was asked pre-warning (claims the accused), or post-invocation of his right to counsel (claims the government).

A search of the accused's phone revealed six images which the government alleges are child pornography. The accused moved to suppress his statement to CID revealing the passcode to his phone and the images that were subsequently discovered. The military judge granted the motion and the government appeals.

---

[2] We adopt the factual findings of the military judge as they are not clearly erroneous. *See United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F. 2011).

## LAW AND DISCUSSION

The government makes numerous arguments as to why the military judge erred. First, the government argues requesting a passcode is similar to requesting consent to search, which the Supreme Court has found is not an interrogation. *Fisher v. United States*, 425 U.S. 391, 397 (1976).

Second, the government argues the request for the passcode was not a "communicative act" because *in this case* it did not amount to "an admission to the ownership and control of materials sought by the government." That is, as the phone already had been identified through business records and seized from the accused's person, ownership of the phone was a "foregone conclusion." *See Id*. at 411.

Third, the government argues that assuming the accused was asked to provide his passcode after he had been released from custody, there was no *Edwards* violation because, again, the question was not an interrogation and the accused's answer was not testimonial. *See Edwards v. Arizona*, 451 U.S. 477 (1981).

Fourth, the government argues that *Edwards* violations do not require the exclusion of derivative evidence. Here, the government asks us to focus on the constitutional answer to this question and not focus on the exclusionary rule contained in the Military Rules of Evidence.

Fifth, the government initially claimed that the military judge erred because the evidence would have been inevitably discovered. At oral argument the government conceded that this argument was conclusively resolved in the accused's favor by the United States Court of Appeals for the Armed Forces' decision in *United States v. Mitchell,* __ M.J. __, 2017 CAAF LEXIS 856 (C.A.A.F. 2017).

We do not address the merits of the government's arguments. *Mitchell* explicitly did not resolve whether asking for a passcode is testimonial. *Id.* at *12 ("We thus do not address whether Appellee's delivery of his passcode was 'testimonial' or 'compelled . . . .'"). We also leave this question unanswered.

It is also unclear, whether *Mitchell* dispatched the foregone conclusion doctrine as a general matter or just based on the facts of that particular case. *See Fisher*, 425 U.S. at 411 (articulating the foregone conclusion doctrine such that the Fifth Amendment does not protect an act of production when any potentially testimonial component of the act of production—such as the existence, custody, and authenticity of evidence—is a "foregone conclusion" that "adds little or nothing to the sum total of the Government's information."); *Compare United States v. Apple Mac Pro Computer*, 851 F.3d 238, 246-48 (3rd Cir. 2017) (although dealing with the

appeal of a civil contempt order for a suspect's failure to comply with a court order to decrypt devices containing suspected child pornography, the court concluded that even if it could assess the underlying issue of a Fifth Amendment privilege in the context of compelled decryption, it would be inapplicable because the magistrate judge issuing the order did not commit a clear or obvious error in applying the foregone conclusion doctrine to the facts of that case as the government had provided evidence to show the files existed on the encrypted portions of the devices and that the suspect could access them), *with In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1337, 1346-49 (11th Cir. 2012) (determining that the Fifth Amendment does apply to compelled decryption and based on the facts before it, the forgone conclusion doctrine did not apply, as the government failed to show that any files existed on the hard drives and could not show with any reasonable particularity that the suspect could access the encrypted portions of the drives).

We do not reach the merits of the government's arguments because the United States waived most of the issues they assert on appeal when they conceded in their initial brief to the military judge that the accused's providing a passcode to a CID agent was testimonial and incriminating. In the brief to the military judge the government stated that "[a] statement is testimonial when its contents are contained in the mind of the accused and are communicated to the Government." The brief then stated "the Government concedes that the Accused's statement [providing the passcode] would be testimonial, incriminating, and compelled."

The government concession in the brief was initially limited to the assumption that CID asked for the accused's passcode before reading him his right's warning. That is, the government's concession assumed that CID asked the accused for his passcode before advising him of his Article 31(b), UCMJ, rights. However, we can distinguish no reason why the statement would be testimonial pre-rights warning and non-testimonial after the accused has invoked his rights. If asking for the passcode is "testimonial" and "incriminating" before a rights warning is given, then it is also testimonial and incriminating after that same suspect has invoked his right to counsel.

However, if there is any doubt about the scope of the government's concession at trial, it was erased by the following exchange between the trial counsel and military judge.

> MJ: So, government, do you concede that asking someone for their passcode to a computer is asking for incriminating evidence or incriminating information that

> would trigger 5th Amendment and Article 31(b) protections?
>
> TC: Uhm - - prior to being read one's rights, Your Honor, or in just in general?
>
> MJ: No. I am asking you, does - - asking someone for the passcode to their iPhone trigger 5th Amendment protections and Article 31(b) protections?
>
> TC: Yes, Your Honor.

The military judge went on to confirm the government's concession two more times.[3] The military judge even noted that there was contrary case law that would support an argument that providing a passcode is not testimonial. The government maintained its position.

The government concession at trial included that the passcode was "testimonial" and "incriminating." In conceding the passcode was incriminating, the government necessarily conceded the request for the incriminating response was an interrogation. *See* Military Rule of Evidence [hereinafter Mil. R. Evid.] 305(b)(2) (defining an interrogation as "any formal or informal questioning in which an incriminating response either is sought or is a reasonable consequence of such questioning."). Thus, we are confused when the government argues to us on appeal that "even if [the accused] was in custody when [CID] asked for his passcode, [the accused] was not entitled to a rights warning because the request for the passcode, which was akin to a request for consent to search, was not 'interrogation.'

---

[3] After the military judge granted the accused's motion to suppress the evidence the government requested reconsideration in light of our sister court's decision in *United States v. Robinson*, 76 M.J. 663 (A.F. Ct. Crim. App. 2017). The motion stated that "the Government still concedes that stating as [sic] passcode is testimonial, the Government maintains its position that stating a passcode is not incriminating." The government's statement that they "maintain" their position that a passcode is not incriminating is hard to reconcile with their original motion where they stated that "the Government concedes that the Accused's statement would be testimonial, incriminating, and compelled." In any event, the government's position in the motion for reconsideration does not cause us to alter our approach to the case for two reasons: first, the government continued to clearly concede that providing the passcode was testimonial; second, the motion for reconsideration only asked the military judge to reconsider his decision on 5th Amendment grounds, and not the Article 31(b), UCMJ, grounds that we find to be controlling.

The government's argument misunderstands, as we see it, our role on appeal. Our job is not to determine whether the accused providing his passcode is testimonial. Our job is to determine whether the military judge *erred* when he found that providing the passcode was testimonial. In many cases these two questions will be the same.

However, when a party waives or forfeits an issue at trial the two questions diverge. When the government tells the trial judge that the accused's statement is testimonial and incriminating, we will never find that the military judge erred even if—and we do not decide this—in or own view the statements are not testimonial and incriminating.

The efficient appellate review of trial decisions depends on the preservation of issues at trial. "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U.S. 414, 444 (1944). "Forfeiture is 'not a mere technicality and is essential to the orderly administration of justice.'" *Freytag v. Commissioner*, 501 U.S. 868, 895 (1991) (Scalia, J. concurring and quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2472, p. 455 (1971)). "[A] trial on the merits, whether in a civil or criminal case, is the 'main event,' and not simply a 'tryout on the road' to appellate review." *Id.* (quoting *Wainright v. Sykes*, 433 U.S. 72, 90 (1977)). The waiver doctrine bars consideration of an issue that a party could have raised in an earlier appeal in the case. *See Brooks v. United States*, 757 F.2d 734, 739 (5th Cir. 1985). It "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Hartman v. Duffey*, 88 F.3d 1232, 1236 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1240 (1997). Regardless, whether waiver or forfeiture is the appropriate principle in a particular case, the preservation of issues is required for orderly appellate review.

The importance of waiver, the issue here, is all the more important as our jurisdiction to hear the government's appeal is provided by Article 62, UCMJ. While we have the authority to notice waived and forfeited issues when a case is on direct appeal under Article 66, UCMJ, no similar authority exists for interlocutory appeals.

In *United States v. Schelmetty*, ARMY 20150488, 2017 CCA LEXIS 445 (Army Ct. Crim. App. 30 June 2017) (mem. op.), the appellant asked us to review the military judge's ruling excluding evidence under Mil. R. Evid. 412. In asking us to find error, appellant asserted for the first time on appeal new legal and factual theories in support of admitting evidence of the victim's sexual behavior. *Id.* at *8.

6

We limited our ruling to determining whether the trial judge had erred based on the arguments made at trial. *Id.* at *9. Thus in *Schelmetty*, we refused to consider an argument on appeal that the victim's other sexual acts should have been admitted under the "consent" exception to Mil. R. Evid. 412 when the defense counsel during the motion's hearing stated that the issue was "not an issue of consent." *Id.* at 10-11.

In other words, in *Schelmetty* we reviewed whether the military judge erred by looking at the facts and legal theories of the case that had been brought to his attention at the time. We did not consider arguments or theories of the evidence that were advanced for the first time on appeal. Applying our methodology in *Schelmetty* to the present case would lead us to accept the government's concessions at trial.

Indeed, we conclude that we *cannot* reject the government's concession in this case, even if we were otherwise inclined. The government argues that we should not accept its concession at trial and that we are not bound by the concession. We disagree. When the government makes a concession to *this* court we may choose to reject the concession. If a party misapplies the law in a brief to this court we are not required to adopt the flawed reasoning. That is what de novo review of an issue of law allows.

However, when the government concedes an issue at trial and the military judge accepts the concession, then the government cannot complain to this court that the military judge erred. We find the cases cited by the government to be unpersuasive. *United States v. Budka*, 74 M.J. 220 (C.A.A.F. 2015) (summ. disp.), is a case where the court of criminal appeals (CCA) rejected a government concession made at the CCA. *United States v. Emmons*, 31 M.J. 108, 110 (C.M.A. 1990), is a case where the CCA and our superior court rejected the government's concession on appeal. Similarly, *United States v. McNamara*, 7 U.S.C.M.A. 575, 578, 23 C.M.R. 39, 42 (1957), is a case where the court stated it was not bound by the government's concession on appeal to that appellant's claim of error. *United States v. Hand*, 11 M.J. 321 (C.M.A. 1981), and *United States v. Patrick*, 2 U.S.C.M.A. 189, 7 C.M.R. 65, 67 (C.M.A. 1953), are cases where the government's concessions were never accepted. In none of these cases did a party concede an issue at the trial level, have the concession accepted, and then argue to the appellate courts that the concession should be ignored. The closest case cited by the government on point, *United States v. Taylor*, 47 M.J. 322, 328 (C.A.A.F. 1997), is acknowledged by the government to be a citation to the dissenting opinion.

Our review, here, is to determine whether, under Article 62(a)(1)(B), UCMJ, the military judge erred in his "ruling which exclude[d] evidence that is substantial proof of a fact material in the proceeding." That is, our review is to determine

whether the trial judge erred as a matter of law, not to determine how we would decide the same issue in the first instance.

As the accused's counsel on appeal correctly summarized in oral argument, "'[S]hould' is an Article 66 question, 'can' is an Article 62 question . . . the problem with trying to overturn the concession here is: the question posed to this court is whether or not the military judge abused his discretion. And, saying that a military judge abused his discretion by accepting the concession of the very party who then claims he abused his discretion in accepting the concession, is—it fails to logically connect."

If asking for the accused's passcode to his phone invited a testimonial and incriminating response, the government was required to obtain a valid waiver of the accused's Article 31(b), UCMJ, rights prior to asking for the passcode. Under Mil. R. Evid. 305(b)(2), action that triggers the requirement for Article 31, UCMJ, warnings includes "any formal or informal questioning in which an incriminating response either is sought or is a reasonable consequence of such questioning." As either (1) no rights warning was given, or (2) the accused invoked his rights, we find no error when the military judge suppressed both the accused's statement and the derivative evidence from that statement.[4] Military Rule of Evidence 305(a) and (c) provide that statements obtained without a proper rights warning are defined as "involuntary" and are excluded along with any evidence derived from the statement by operation of Mil. R. Evid. 304(a) and (b).

It may be that the government's concession in this case was gratuitous and logically inconsistent with its stated goal of defeating the accused's motion to suppress. This inferred inconsistency is certainly an undercurrent in the government's arguments on appeal. However, except when necessary to address a claim such as ineffective assistance of counsel, we do not think it wise or necessary to try to determine why a party may have done what they did. The concession was made. The government maintained the concession even under repeated questioning by the military judge. As such, the substantive issue of this appeal was waived by the government at trial.

---

[4] While the military judge noted the government's waiver and discussed in depth the government's concession during argument, his decision to suppress the evidence may have also reached the merits of the issue. The accused on appeal asks that we apply the Tipsy Coachman doctrine if we arrive at the same result as the military judge, albeit for different reasons. *United States v. Carista*, 76 M.J. 511, 515 (Army Ct. Crim. App. 2017). We find this argument reasonable.

## CONCLUSION

Accordingly, the appeal by the United States under Article 62, UCMJ, is DENIED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court